UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

THOMAS EDWARD McDONALD, )
)
    Petitioner, )
)
v. ) No.: 3:14-cv-124-TAV-CCS
)
HENRY STEWARD, Warden, )
)
    Respondent. )

## MEMORANDUM

This is a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner Thomas Edward McDonald ("petitioner"), in which he challenges the sentence he received for his 2006 Knox County conviction for second degree murder. For the following reasons, the Court finds that the petition is barred by the one-year statute of limitation. Accordingly, the petition for the writ of habeas corpus will be **DENIED** and this action will be **DISMISSED WITH PREJUDICE**.

Petitioner pleaded guilty to second degree murder and received a 20-year sentence on September 28, 2006. [Doc. 1, Petition for Habeas Corpus Relief, Exhibits]. According to petitioner, he did not appeal his conviction or sentence, nor did he file a petition for post-conviction relief. He now claims his sentence was excessive.

Pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitation for state prisoners to file a habeas corpus petition in federal court; the limitation period generally runs from "the date on which the judgment of conviction became final by the conclusion of direct

review or the expiration of the time for seeking such review." *Id*. § 2244(d)(1)(A). Because petitioner did not appeal his conviction, the conviction became final on October 29, 2006, which was 30 days after imposition of sentence. *See State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003) ("[W]e hold that a judgment of conviction entered upon a guilty plea becomes final thirty days after acceptance of the plea agreement and imposition of sentence."). The statute of limitation commenced running at that time and thus petitioner had until October 29, 2007, to file a federal habeas corpus petition. Petitioner's habeas corpus petition was not filed until March 26, 2014, and thus was not timely.

Petitioner concedes that his habeas petition is not timely but contends he is entitled to equitable tolling. The Supreme Court has held that equitable tolling of a statute of limitation is available "in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). Petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citations omitted). "A habeas petitioner is entitled to equitable tolling only if two requirements are met. First, the petitioner must establish 'that he has been pursuing his rights diligently.' And second, the petitioner must show 'that some extraordinary circumstance stood in his way and prevented timely filing.'" *Hall v. Warden*, 662 F. 3d 745, 749 (6th Cir. 2011) (quoting *Holland v. Florida*, 130 S. Ct. at 2562) (holding that counsel's failure to turn over the trial transcript as well as other documents related to the case and the prison's restriction on visits to the law library did not entitle petitioner to equitable tolling; also noting that *Holland* 's two-part test replaced the

2

five-factor inquiry the Sixth Circuit had previously set forth in *Dunlap v. United States*, 250 F.3d 1001, 1004-07 (6th Cir. 2001)).

"The doctrine of equitable tolling is applied sparingly by federal courts," and is typically used "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (citations and internal quotations marks omitted). *Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) ("'Absent compelling equitable considerations, a court should not extend limitations by even a single day.'") (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000)).

Petitioner alleges he is entitled to equitable tolling because application of the statute of limitation will deny him a fundamental right. According to petitioner, "[i]f the Statute of Limitation is imposed, the Petitioner will be forced top [sic] serve an excessive sentence in violation of the Petitioner's right under the Eighth (8th) Amendment to the U.S. Constitution, which, by definition, are fundamental Rights entitle to *heightened* protection." [Doc. 1, Habeas Petition, pp. 30-31]. Petitioner also contends that "Due Process considerations" should toll the statute of limitation and suggests that he might have been denied the opportunity to seek post-conviction relief based upon "possible misrepresentation" by trial counsel. [*Id*. at 31].

Petitioner does not aver that he was prevented from filing a state post-conviction petition nor does he aver that he was prevented from filing a federal habeas corpus petition before now. Petitioner gives no reason whatsoever as to why he waited more than six years

3

from the imposition of sentence to file the pending petition for the writ of habeas corpus. The Court finds that petitioner has not diligently pursued his rights nor has he shown an extraordinary circumstance that kept him from filing his habeas petition in a timely manner.

Based upon the foregoing, petitioner is not entitled to equitable tolling of the one-year statute of limitation and his habeas petition is time-barred. Accordingly, the petition for habeas corpus relief will be **DENIED** and this action will be **DISMISSED WITH PREJUDICE**. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure. The Court will further **DENY** petitioner leave to proceed *in forma pauperis* on appeal.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE